UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

KATANGA POWELL,

                                                Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER STEVE A. RICHARDS (Shield no. 02946), POLICE OFFICER HECTOR TORRES (Shield no. 1787), SERGEANT EDWIN BOONE (Shield no. 3654), JOHN DOE 1,

                                               Defendants.

**FIRST AMENDED COMPLAINT**

CV 06 1166 (NG) (CLP)

Jury Trial Demanded

------------------------------------------------------------------------ X

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from an August 27, 2005 incident in which four members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault and battery, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her claims arising under state law -- false arrest and assault and battery. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's claims. Moreover, this action was filed within one year and 90 days of the incident at issue in this case.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York and because the incident in question took place in this district.

**PARTIES**

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Steve A. Richards is a member of the NYPD who was on duty on August 27, 2005. Richards is sued in his individual and official capacity.

8. Police Officer Hector Torres is a member of the NYPD who was on duty on August 27, 2005. Torres is sued in his individual and official capacity.

9. Sergeant Edwin Boone is a member of the NYPD who was on duty on August 27, 2005. Boone is sued in his individual and official capacity.

10. John Doe 1 is an unidentified member of the NYPD who was on duty on August 27, 2005. John Doe 1 is sued in his individual and official capacity.

## STATEMENT OF FACTS

11. On August 27, 2005, at approximately 8:30 p.m., in the vicinity of East 21st Street between Newkirk and Ditmas Avenues in Brooklyn, New York, Police Officer Steve A. Richards, Police Officer Hector Torres, Sergeant Edwin Boone, and Police Officer John Doe 1 (the "officers') arrested plaintiff without cause and falsely charged her with obstruction of governmental administration, disorderly conduct, and resisting arrest.

12. In the course of arresting plaintiff, the officers, acting in concert, subjected plaintiff to excessive force and assault and battery by, among other things, violently tackling plaintiff to the ground causing her to strike on her face on the floor. The officers, acting in concert, then violently lifted plaintiff off the ground, slammed plaintiff onto the truck of a police car, and twisted plaintiff's arm in such a manner as to cause a fracture to her elbow.

13. Thereafter, plaintiff was handcuffed and taken to the 70th Precinct for arrest processing.

14. Upon arriving at the 70th Precinct, plaintiff asked the desk sergeant for medical attention.

15. The desk sergeant called an ambulance, an ambulance subsequently arrived, and plaintiff was taken to Maimonides Hospital.

16. Plaintiff was at the hospital from August 27, 2005, at approximately 9:00 p.m., to August 28, 2005, at approximately 6:30 a.m.

17. Doctors at the hospital took x-rays of plaintiff's arm and elbow, determined that plaintiff had suffered an elbow fracture, and applied a cast to plaintiff's elbow.

18. Plaintiff was subsequently taken to Brooklyn Central Booking to await arraignment.

19. While plaintiff was awaiting arraignment, the officers met with a prosecutor employed by the Kings County District Attorney's Office.

20. The officers, with malice, misrepresented to the prosecutor that plaintiff had committed the crimes of obstruction of governmental administration in the second degree, disorderly conduct, and resisting arrest.

21. As a result of the officers' misrepresentations, plaintiff was brought up on false charges of obstruction of governmental administration in the second degree and resisting arrest.

22. Plaintiff was arraigned on August 28, 2005 at approximately 9:00 p.m.

23. The presiding judge released plaintiff on her own recognizance and ordered her to return to court.

24. On March 13, 2006, the criminal charges filed against plaintiff were adjourned in contemplation of dismissal.

25. As a result of defendants' actions, plaintiff suffered a fractured elbow, physical discomfort and pain, permanent physical injuries, emotional distress, fear, embarrassment, humiliation, loss of liberty for approximately 24 hours, loss of time, inconvenience, and damage to her personal reputation.

**FEDERAL AND STATE LAW CLAIMS AGAINST STEVE A. RICHARDS, HECTOR TORRES, EDWIN BOONE, AND JOHN DOE 1**

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The conduct of Steve A. Richards, Hector Torres, Edwin Boone, and John Doe 1, as described herein, amounted to false arrest, excessive force, assault and battery, and

4

fabrication of evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

### FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The City of New York directly caused the constitutional violations suffered by plaintiff.

30. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

31. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

32. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

33. Moreover, because the officers were at all times acting within the scope of their employment as NYPD officers, the City of New York is vicariously liable under state law for the false arrest and assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    July 11, 2006
               Brooklyn, New York

                                  CARDINALE & MARINELLI
                                  26 Court Street, Suite 1815
                                  Brooklyn, New York 11242
                                  (718) 624-9391

                                  By:

                                  _____
                                  RICHARD J. CARDINALE (RC-8507)