

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BRIAN MORGAN
*Assistant Corporation Counsel*
Phone: (212) 788-1177
Fax: (212) 788-9776
Bmorgan@law.nyc.gov

February 9, 2007

**BY ECF**
The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Powell v. The City of New York et al. 06CV1166 (NG)(CLP)

Your Honor:

    I am the Assistant Corporation Counsel at the New York City Law Department assigned to the defense of the above-referenced case. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, defendants respectfully request that the Court order Rotunda Dargout, a non-party witness, to show cause why she should not be held in contempt for failing to comply with a subpoena endorsed by the Court. In addition, defendants respectfully request that the deadline for defendants to file their pre-motion conference letter, currently February 16, 2007, be held in abeyance until the matter of the deposition of Rotunda Dargout can be resolved.

    Upon information and belief, Rotunda Dargout is an important witness to material facts and circumstances in this case. Her testimony may be relevant for defendants' anticipated summary judgment motion.[1] Accordingly, two separate subpoenas have been served on Rotunda Dargout. The second subpoena was so-ordered by the Court on January 12, 2007 and ordered Rotunda Dargout to appear on February 5, 2007. (See attached subpoena and certificate of service). Rotunda Dargout did not comply with either subpoena.

---

[1] In addition, plaintiff's counsel has stated his intention to call Rotunda Dargout as a witness at trial to corroborate plaintiff's version of events. Defendants reserve the right to move to preclude Rotunda Dargout's testimony at trial if she refuses to be deposed.

Accordingly, defendants respectfully request that the Court order Rotunda Dargout to show cause why she should not be held in contempt. In addition, defendants respectfully request that the deadline for filing the pre-motion conference letter be held in abeyance until the matter of the deposition of Rotunda Dargout can be resolved.

I thank the Court for its consideration of these requests.

Respectfully Submitted,

Brian Morgan (BM-8799)
Assistant Corporation Counsel

cc: **BY FACSIMILE (718) 624-4748**
Richard Cardinale, Esq.
26 Court Street, Suite 1815
Brooklyn, NY 11242

AO 88 (11/91) Subpoena in a Civil Case

# United States District Court

| EASTERN | DISTRICT OF | NEW YORK |

Katanga Powell

V.

City of New York et al

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 06CV1166

TO:  Rotunda Dargout
2317 Newkirk Avenue
Apt. 2C
Brooklyn, NY 11226

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| New York City Law Department | FEBRUARY 5, 2007 at 2:00 PM |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Assistant Corporation Counsel *[signature]* Attorney for Defendants | 1-12-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Brian Morgan
N.Y.C. Law Department, 100 Church Street
New York, New York 10007  (212) 788-1177

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

So Ordered
*[signature]* Cheryl Pollak
USMJ
1/12/07

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|         | DATE | PLACE |
|---------|------|-------|
| SERVED  |      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the forgoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(i) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(ii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

STATE OF NEW YORK    EASTERN DISTRICT COUNTY    US DISTRICT COURT
ATTORNEY(S): The New York City Law Department
ADDRESS: 100 Church Street, New York, NY 10007    PH#: 212-788-0369

Case 1:06-cv-01166-NG-CLP    Document 27    Filed 02/09/07    Page 5 of 5 PageID #: 79

KATANGA POWELL

VS

CITY OF NEW YORK, et al.

*Plaintiff(s)/Petitioner(s)*

*Defendant(s)/Respondent(s)*

ORIGINAL

**AFFIDAVIT OF SERVICE**
INDEX #: 06CV1166
FILED ON:

County of **New York**, State of **NEW YORK**, I, **ROBERT MOORE** being duly sworn deposes and says:
Deponent is not a party herein, is over 18 years of age and resides in the State of **NEW YORK**
On **1/24/2007** at **8:40am**,
at **2317 NEWKIRK AVE, APT. 2C, BROOKLYN, NY 11226**
deponent served the within **SUBPOENA IN A CIVIL CASE**

bearing Index # **06CV1166** and filed on _____

ON: **ROTUNDA DARGOUT**

**INDIVIDUAL [x]** by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORPORATION [ ]** A _____, by delivering thereat a true copy of each to _____ personally, deponent knew said _____ so served to be the _____ described as the named defendant and knew said individual to be the authorized agent thereof.

**SUITABLE AGE PERSON [ ]** by delivering a true copy of each to _____ a person of suitable age and discretion Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state. **I asked the person spoken to whether the [ ] defendant actually resides [ ] is employed at these premises and received an affirmative reply.**

**AFFIXING TO [ ]** by affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
Day____ Date____ Time____ Day____ Date____ Time____
Day____ Date____ Time____ Day____ Date____ Time____
Verification:

**MAILING COPY [ ]** Deponent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient at the recipient's last known [ ] residence [ ] place of employment at:

the U. S. Postal Service within the State of **NEW YORK** on ____
[ ] The mailing was made by certified mail (Receipt No. _____)
[ ] and with return receipt requested, and/ or First Class Mail, marked personal and confidential.

**DESCRIPTION [x]** A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex **Female** Race/skin **Black** Color of hair **Black** Approx. Age **20-30** Approx. Height **5'-5'4"**
Approx. weight **115-125** Other _____

**WITNESS FEES [ ]** $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**PHOTO [ ]** Deponent was able to identify recipient from annexed photo.

**MILITARY SERVICE [ ]** Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of **NEW YORK** and was informed he/she was not.

Sworn to before me on this
25th day of January 2007

_____
DWIGHT GRANT
Notary Public, State of New York
No. 01GR6118475
Qualified in Kings County
Commission Expires November 8, 2008

_____
ROBERT MOORE
1066544
Process Server's Lic #

Client Reference #: NW01230702
ch
NATIONWIDE COURT SERVICES, INC.
20 Vesey Street
New York, NY 10007
(212) 349-4782 / Fax (212) 349-4784

Invoice•Work Order # NYC067964