

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | BRIAN MORGAN<br>*Assistant Corporation Counsel*<br>Phone: (212) 788-1177<br>Fax: (212) 788-9776<br>Bmorgan@law.nyc.gov |

April 20, 2007

**By ECF**
The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   Powell v. The City of New York et al. 06CV1166 (NG)(CLP)

Your Honor:

      I am an Assistant Corporation Counsel at the New York City Law Department. I write pursuant to Rule 35 of the Federal Rules of Civil Procedure to respectfully request that the Court order plaintiff to submit to a physical examination. Plaintiff does not consent to this request on the grounds that she has already been examined once by defendants' doctor.

      While plaintiff has been examined once before, the extent of plaintiff's alleged physical injury is very much at issue in this case. Plaintiff claims that she is permanently disabled and may not be able to continue work. While plaintiff was examined previously by defendants' doctor, the examination was inconclusive.[1] The parties' continued disagreement and lack of clarity concerning the extent of plaintiff's injury has been a significant obstacle to achieving a settlement of this case.

      By way of background, plaintiff filed this lawsuit claiming she was subjected to false arrest and excessive force on August 27, 2005. Plaintiff claims that she suffered a broken arm as a result of excessive force. The discovery cut off date was March 16, 2007. No separate schedule for expert discovery was set. A pre-motion conference before the Honorable Nina

---

[1] As explained below, the doctor indicated that it was too early to know if plaintiff's injuries were permanent.

Gershon is scheduled for May 16, 2007. Defendants seek to move for partial summary judgment regarding plaintiff's false arrest claim, not plaintiff's claim of excessive force.

During the course of discovery, plaintiff provided an expert report from Dr. Lubwiner. Dr. Lubwiner opined that plaintiff will have permanent symptoms as a result of her injury, including permanent loss of motion and pain. Subsequently, on August 29, 2006, plaintiff was examined by Dr. Pae, defendants' expert. Plaintiff complained of persistent stiffness and pain in her elbow. However, Dr. Pae could not determine whether plaintiff's symptoms were permanent at that time. Because plaintiff had recently undergone surgery to her arm, Dr. Pae was unable to determine if plaintiff's symptoms were a side-effect of the surgery (which would resolve in time) or a permanent condition. Dr. Pae concluded that "it would likely be about six months before one can make a determination of whether or not [the symptoms] will be permanent or not."

Because of the inconclusiveness of this examination, defendants respectfully request that Dr. Pae be permitted to examine plaintiff again now that sufficient time has passed since plaintiff's surgery. A second exam will assist the parties to accurately understand the extent of plaintiff's injuries, which is an important issue in the case, and could aid in settlement.

Furthermore, no prejudice to plaintiff will result from allowing a second examination. The examination will have no effect on the proposed motion for partial summary judgment because defendants' motion does not concern plaintiff's claim for excessive force; rather, defendants are only moving for dismissal of the false arrest claim.

Accordingly, defendants respectfully request that the Court order plaintiff to submit to a second physical examination by defendants' doctor. I thank the Court for its consideration of this request.

Respectfully Submitted,

Brian Morgan (BM-8799)
Assistant Corporation Counsel

cc: **By Facsimile (718) 624-4748**
Richard Cardinale, Esq.
26 Court Street, Suite 1815
Brooklyn, NY 11242